UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------x

HENRY C. LATHAM,

        Plaintiff,

    -against-

SMALL COURT APPELLATE DIVISION  
AND CLERK,

        Defendants.

MEMORANDUM AND ORDER

14-CV-3687

------------------------------------------------------------x

HENRY C. LATHAM,

        Plaintiff,

    -against-                14-CV-3688

TYSON,

        Defendant.

------------------------------------------------------------x

HENRY C. LATHAM,

        Plaintiff,

    -against-                14-CV-3689

SUPERVISOR SMITH AND SUPERVISOR  
CFS,

        Defendants.

------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        *Pro se* plaintiff Henry C. Latham filed these three actions on June 11, 2014. I consolidate these lawsuits and grant his requests to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 solely for the purpose of this order. Because I am unable to determine what claims he is advancing, I dismiss the complaints without prejudice.

DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When a complaint lacks "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure, it fails to state a claim on which relief may be granted and must therefore be dismissed. *See, e.g.*, *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010) (summary order); *Solis v. Breslin*, 107 F. App'x 262, 264 (2d Cir. 2004) (summary order).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and I am required to read Latham's complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in original).

Even under the most liberal construction, Latham's complaints do not supply any cognizable facts and fail to satisfy the requirements of Rule 8. Because his complaints are unintelligible, they do not state a claim upon which relief may be granted.[1]

CONCLUSION

Accordingly, the complaints are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.


John Gleeson, U.S.D.J.


Dated: August 28, 2014
      Brooklyn, New York

---

[1] Latham has filed numerous other incomprehensible complaints in this court. *See Latham v. John*, No. 13 Civ. 1468 (dismissed April 1, 2013); *Latham v. Saint Mary Hosp.*, No. 12 Civ. 4692 (dismissed November 13, 2012); *Latham v. Tyson*, No. 12 Civ. 4691 (dismissed November 13, 2012); *Latham v. Latham*, No. 12 Civ. 4561 (dismissed September 18, 2012); *Latham v. Transit Adjudicate*, No. 11 Civ. 4183 (dismissed October 6, 2011); *Latham v. Fitzgerald*, No. 11 Civ. 4728 (dismissed October 6, 2011); *Latham v. Father Pat Fitzgerald St. Frances 31 St. NYC*, No. 11 Civ. 4386 (dismissed September 29, 2011); *Latham v. Latham*, No. 11 Civ. 4582 (dismissed September 29, 2011); *Latham v. Latham*, No. 11 Civ. 4219 (dismissed September 1, 2011); *Latham v. 29 Gallatin Place Brooklyn*, No. 11 Civ. 2726 (dismissed June 13, 2011); *Latham v. 800 Poly Place*, No. 10 Civ. 5697 (dismissed December 17, 2010); *Latham v. Latham*, No. 10 Civ. 3915 (dismissed December 14, 2010); *Latham v. John*, No. 10 Civ. 3445 (dismissed August 26, 2010); *Latham v. N.Y. Harbor*, No. 10 Civ. 2768 (dismissed August 26, 2010); *Latham v. Transit Auth. Civil Gov't*, No. 10 Civ. 2047 (dismissed July 26, 2010); *Latham v. John*, No. 09 Civ. 3398 (dismissed August 20, 2009); *Latham v. Transit Auth. Civil*, No. 09 Civ. 1009 (dismissed July 16, 2009); *Latham v. Civil Gov't Transit Bldg.*, No. 08 Civ. 2522 (dismissed July 17, 2008); *Latham v. VA Outpatient Hosp.*, No. 06 Civ. 6758 (dismissed January 11, 2007); *Latham v. Kingsboro Psychiatric Ctr.*, No. 06 Civ. 1140 (dismissed April 10, 2006); *Latham v. N.Y. Psychotherapy*, No. 04 Civ. 2945 (dismissed September 3, 2004); *Latham v. Iappil*, No. 02 Civ. 2523 (dismissed June 27, 2002).

3